IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00448-GPG

BOB ALLEN CUSTARD,

    Plaintiff,

v.

ARMIJO, Mr.,
ATAUVICH, Mr.
D. BERKABILE, Mr.,
CAMACHO, Mr.,
J. CEDENO, Mr.,
FRANK CORDOVA, Mr.,
KATE ERWIN, Ms.,
FRANCIA, Ms.,
FITZGERALD, Mr.,
GACONI, Mr.,
HENRY, Mr.,
HEUETT, Mr.,
HOLMAN, Mr.,
HUDDLESTON, Mr.,
HUMPHRIES, Mr.,
KASDON, Ms.,
LUNGREN, Ms.,
McMULLEN, Mr.,
OSAGIE, Mr.,
OWENS, Mr.,
PADILLA, Mr.,
RANGEL, Mr.,
ROBINSON, Mr.,
SANTINI, Mr.,
SIMPLER, Mr.,
UNKNOWN NAMED DEFENDANTS 1-14, and
THE UNITED STATES OF AMERICA,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO ASSIGN CASE

---

    Plaintiff, Bob Alllen Custard, is in the custody of the federal Bureau of Prisons

(BOP) at the United States Penitentiary Administrative Maximum (ADX) in Florence, Colorado. He initiated this action by filing a Prisoner Complaint. On March 4, 2015, the Court entered an Order Directing Plaintiff to Cure Deficiencies, to File an Amended Complaint and to Show Cause. (ECF No. 3). Mr. Custard filed an Amended Complaint (ECF No. 8) on April 15, 2015, and paid the $400.00 filing fee on April 16, 2015 (ECF No. 10). Plaintiff is subject to 28 U.S.C. § 1915(g) restrictions; however, those restrictions are not implicated in this action because he has paid the filing fee. Accordingly, the Order to Show Cause will be discharged.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second Amended Complaint because Mr. Custard is a prisoner and he is seeking redress from officers or employees of a governmental entity. Under § 1915A(b)(1), the Court must dismiss the Amended Complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Custard is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed in part, and the remainder assigned to District Judge Robert E. Blackburn and Magistrate Judge Craig B. Shaffer.

**I. The Amended Complaint**

Mr. Custard sues 26 named Defendants in the Amended Complaint and 14 unnamed Defendants. He asserts constitutional claims against the individual Defendants under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971), and claims against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.

The Court observes that Mr. Custard's handwriting is difficult to decipher. Plaintiff was warned in the March 4 Order that the Amended Complaint must be typed or written legibly. (ECF No. 3, at 5). Mr. Custard asserts seven claims in his Amended Complaint. As best the Court is able to discern, he makes the following factual allegations in support of his claims.

> **Claim One:** Mr. Custard alleges that he was placed in the Special Housing Unit (SHU) in April 2014. He states that the shower in his SHU cell was 12" higher than the concrete floor of the cell, which is coated with slick enamel paint. He further alleges that prison officials knew that he would have difficulty making the transition between a wet shower floor and a slippery cell floor, one foot below, because he was 60 years old, his legs are different lengths, and he suffers from degenerative disc disease. Plaintiff alleges that over a four-day period, he asked Defendants Fitzgerald, Osagie, Huddleston, Holman, Robinson, Camacho, Armijo, Francia, Owens, and Cedeno for a shower floor mat, a shower curtain, and shower shoes, so that he would not slip going into and out of the shower. Mr. Custard states that other inmates in the SHU were provided with the requested items, but the Defendants ignored Plaintiff's requests. Mr. Custard thereafter slipped on the wet floor and suffered fractures to his spinal discs, as well as lacerations and a concussion. He asserts that the above-named Defendants conspired to deprive him of the shower items in violation of his Eighth Amendment rights and in retaliation for the lawsuits and grievance he has filed, as evidenced by their statements to him that if he had not filed so many grievances and lawsuits, he would have received the requested shower items.
>
> **Claim Two:** Mr. Custard alleges that while in the SHU, he was deliberately housed in a cell that had "dozens of 1/2"-1" long "jagged barbs of stainless steel" projecting from the cell walls in the shower and sink areas. (ECF No. 8, at 12). Plaintiff states that he injured himself twice on

the steel barbs, and required 15 stitches to his right knee for the second injury.  Mr. Custard alleges that Defendants Atauvich, Rangel, Berkabile, McMullen, Osagie, Armijo, Camacho, Fitzgerald, Henry, Gaconi, Heuett, Padilla and Robinson acknowledged to Plaintiff that the cell was dangerous, as evidenced by Plaintiff's previous injury when he slipped on the wet floor and cut himself on the steel barbs  (claim one), but the Defendants continued to house him in the same cell and refused to repair the barbs in violation of his Eighth Amendment rights, and because of his grievance filings and lawsuits, as evidenced by their statements to him that if he stopped filing grievances and lawsuits, he could be moved to another cell.

**Claim Three:** Mr. Custard states that he suffers from severe chronic asthma. He alleges that on the night of May 20, 2014, some of the unknown Defendants, responding to a non-emergency situation, gassed the prisoner in the cell next door to Plaintiff with chemicals and pepper gas. The gas entered Plaintiff's cell through a vent in an adjoining wall, causing him to wake up gagging and coughing.  Plaintiff states that he coughed up blood for several hours after the incident and lost consciousness a few times.  Mr. Custard asserts that prison officials are required to remove asthmatic prisoners from an area in which chemical gassing is to be deployed in a non-emergency situation.  He further asserts that Defendants Robinson, Cedeno, Humphries, Osagie, Berkabile and Gaconi knew about Plaintiff's severe asthma, and were aware that the gassing was going to occur, but they intentionally refused to have Plaintiff relocated beforehand, in violation of his Eighth Amendment rights and in retaliation for his filing grievances and lawsuits, as evidenced by their statements to him concerning his litigiousness.  Plaintiff alleges that Defendant Berkabile also denied him access to medical care, even though he was coughing up blood for several hours.  According to Mr. Custard, Defendant Berkabile told him: "You will get no medical treatment! You will just have to die."  (ECF No. 8, at 21).

**Claim Four**: Mr. Custard alleges that he has been intentionally denied necessary medical treatment and surgeries for a chronic and painful shoulder condition, in violation of his Eighth Amendment rights. Specifically, he states that his right shoulder is visibly smaller than his left shoulder, and that he experiences searing nerve pain emanating from his right shoulder to his thumb, as well as numbness. Plaintiff alleges that an MRI performed by an outside facility on his right shoulder in June 2014 revealed the need for surgery and/or a shoulder replacement.  ADX medical providers were notified of the MRI results, but Defendants Cordova (ADX medical department supervisor), Osagie (ADX Physician's Assistant), Lundgren (ADX nurse), Santini (ADX physician), Huddleston (ADX physician's assistant), Camacho (ADX physician's assistant), and

unknown Defendants medical personnel at ADX, told Plaintiff that he would not receive the recommended surgery or any other medical treatment for his shoulder because of his grievances and lawsuits. Mr. Custard further asserts that unknown Defendant members of the ADX Medical Committee have refused to authorize his surgery, in violation of the Eighth Amendment.

**Claim Five:** Mr. Custard alleges that on December 5, 2014, a valve in his cell sink broke, causing water to shoot out from the faucet into the sink basin. Eventually the sink backed up because of encrusted pipes and water flowed onto the cell floor. The sink was fixed three days later. Plaintiff alleges that he spent three days and nights bailing water out of his cell, which caused him to pass out from sleep deprivation, and suffer a laceration, loss of blood and a concussion. Mr. Custard alleges that other cells nearby were vacant, but Defendant McMullen told him that he would not be moved to another cell because of his grievance and lawsuit filings. Plaintiff also asserts that Defendants Huddleston and Osagie denied him medical treatment for his injuries for approximately 10 hours, in violation of his Eighth Amendment rights.

**Claim Six:** Mr. Custard alleges that Defendant Kasdon (on September 5, 2013, January 10, 2014), Defendant McMullen (several times during the past two years, including on February 25, 2014), and two unknown Defendants (unspecified dates) called him a "snitch" in a loud voice, within earshot of other inmates, and that on April 1, 2014, Plaintiff was injured by a feces-coated dart, thrown at him by another inmate while he was in a recreation cage, resulting in blood loss and an infection. Mr. Custard asserts that the above-named Defendants have intentionally exposed him to a risk of serious harm, in violation of the Eighth Amendment, and in retaliation for his grievances and lawsuits, as evidenced by their statements to him.

**Claim Seven:** Mr. Custard alleges that Defendants Cedeno, Rangel, Simpler, Robinson, Kasdon, Santini and an unknown Defendant deprived him of an eating utensil for approximately two months, beginning in June 2014, after he was released from the SHU, in violation of his Eighth Amendment rights, and because of his grievances and lawsuits, as evidenced by the Defendants' statements to him.

Mr. Custard seeks monetary and injunctive relief.

## II. Analysis of *Bivens* claims

### A. Sovereign Immunity of the United States

To the extent Mr. Custard sues the United States under *Bivens* for the alleged constitutional violations, the claims are barred by sovereign immunity.  The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define this court's subject matter jurisdiction. See *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir.1996).  The United States has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action may not be brought against the United States).  *See also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (recognizing that a "prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP").

### B. Personal Participation of Defendant Erwin

Mr. Custard names Ms. Erwin, a BOP psychiatrist, as a Defendant in the caption of the Complaint but does not make any specific factual allegations against her in the body of the Complaint.  Plaintiff was warned in the March 4 Order that personal participation is an essential element of a *Bivens* action.  (*See* ECF No. 3, at 4).  A plaintiff must allege specific facts to show the personal participation of each named Defendant in a violation of his constitutional rights.  See *Kite v. Kelly*, 546 F.2d 334, 338 (1976).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted).  Because the allegations of the Amended Complaint fail to show Defendant Erwin's involvement in a constitutional deprivation, Ms. Erwin is an improper party to this action and will be dismissed.

### C. Eighth Amendment Allegations in Claims Five and Seven

In claims five and seven, Mr. Custard asserts that the Defendants violated his Eighth Amendment rights by refusing to remove him from his cell after the cell was flooded by a defective sink (claim five) and depriving him of an eating utensil for two months (claim seven).

Under the Eighth Amendment, prison officials must ensure that prisoners are afforded "humane conditions of confinement," such as "adequate food, clothing, shelter, and medical care," and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) (prison officials may not be deliberately indifferent to the serious medical needs of inmates in their custody). "To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference to inmate health or safety.'" *Reynolds v. Powell*, 370 F.3d 1028, 1031-32 (10th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834).

To satisfy the objective prong of the *Farmer* test, a prisoner must show that "conditions were more than uncomfortable," and instead rose to the level of being "sufficiently serious" so as to "deprive inmates of the minimal civilized measure of life's necessities." *Despain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer*, at 834); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment's prohibition on cruel and unusual punishment "'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" *Barney v. Pulsipher*, 143

F.3d 1299, 1311 (10th Cir.1998) (quoting *Rhodes*, 452 U.S. at 347).  Whether the condition complained of is sufficiently serious is evaluated on an objective basis. *Barney*, 143 F.3d at 1310.  The relevant inquiry involves a review of the "circumstances, nature, and duration" of the conditions with "the length of exposure to the conditions . . . of prime importance." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001).

Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.  Mere negligence does not violate the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990) (deliberate indifference requires a higher degree of fault than negligence or even gross negligence).

### 1.  claim five

Mr. Custard alleges in claim five that after a sink valve broke in his cell, water began pouring out and flooded his cell for approximately three days before it was fixed. Plaintiff also asserts that Defendants Huddleston and Osagie denied him access to medical care for approximately 10 hours, after he suffered a concussion, laceration, and loss of blood while bailing water.

The Court finds that Plaintiff fails to allege a sufficiently serious deprivation so as to implicate the Eighth Amendment.  Other district courts have recognized that "'[c]onfining a prisoner to a flooded cell for a brief period of time does not violate the Eighth Amendment,'" especially where there is no allegation that the flooding involved human waste.  *Cole v. Fluery*, 13-cv-274-LM, 2015 WL 736364, at *7 (D.N.H. Feb. 20,

2015) (quoting *Bagwell v. Brewington–Carr*, No. CIV.A. 97-321-GMS, 2000 WL 1728148, at *19 (D. Del. Apr. 27, 2000) (ruling that corrections officer did not violate Eighth Amendment by confining prisoner for "at most, a few days in a cell where water coated the floor"); *see also Evans v. Fogg*, 466 F.Supp. 949, 950-51 (S.D.N.Y.1979) (same). *Cf. Despain*, 264 F.3d at 974-75 (prisoner's allegations that his cell was flooded for 36 hours because of backed up toilets, which exposed him to human waste, satisfied the objective prong of an Eighth Amendment conditions-of-confinement claim). Mr. Custard does not allege specific facts to show that he was at substantial risk of serious harm because of the flooding.

Moreover, Plaintiff's allegations that he was denied medical treatment for 10 hours after he suffered a laceration, loss of blood and a concussion while bailing water out of his cell are not sufficiently serious to trigger Eighth Amendment concerns. A "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock v.Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000). Substantial harm includes "lifelong handicap, permanent loss, or considerable pain." *Garett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Although "'not every twinge of pain suffered as a result of delay in medical care is actionable,'" when the pain suffered during the delay is substantial, the prisoner "'sufficiently establishes the objective element of the deliberate indifference test.'" *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir.2006) (quoting *Sealock* , 218 F.3d at 1210), *overruled on other grounds*, *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

Plaintiff does not allege that he suffered significant pain or other intermediate

injury during the 10 hours he was waiting to receive medical treatment, or that his symptoms were exacerbated by the delay so that he suffered permanent physical injury. *Cf. Sealock*, 218 F.3d at 1210 (reversing summary judgment in favor of defendant on plaintiff's Eighth Amendment claim where plaintiff's intermediate injury was the "severe chest pain" he suffered due to the delay in medical treatment for a heart attack); *Kikumura*, 461 F.3d at 1274-75, 1292-93 (plaintiff's allegations that he suffered from "severe[ ] vomiting," "severe pains and cramps," and temporary loss of memory caused by swelling in his brain due to hyponatremic encephalopathy, a "serious medical condition," stated a claim under the Eighth Amendment based on delay in medical care). By contrast, Mr. Custard has failed to allege any facts to show how the 10-hour delay in medical treatment resulted in substantial harm. *See, e.g., Rubin v. Hilling*, 12-cv-01842-CMA-MEH, 2013 WL 1365778, at *7 (D. Colo. March 7, 2013) (concluding that plaintiff's allegations of shortness of breath, vomiting, and temporary loss of consciousness during delay in medical treatment did not rise to the level of substantial harm recognized in the Tenth Circuit and therefore failed to state a claim for violation of the Eighth Amendment), *Report and Recommendation of United States Magistrate Judge Adopted In* Civil Action No. 12-cv-01842-CMA-MEH, at ECF No. 45).

Claim five will be dismissed in its entirety as legally frivolous.

### 2. claim seven

Plaintiff claims that his Eighth Amendment rights were violated when he was deprived of an eating utensil for approximately two months.

"[O]nly deprivations of essential human needs trigger the Eighth Amendment proscription against cruel and unusual punishment." *Gillihan v. Shillinger*, 872 F.2d 935,

941 (10th Cir.1989) (internal quotation omitted).  Although the denial of food for a sufficient period would trigger Eighth Amendment concerns, the lack of an eating utensil for two months does not, by itself, suggest a sufficiently serious condition to satisfy the objective prong of a conditions-of-confinement claim.  Mr. Custard alleges that he lost 30 pounds, but he does not state facts to show that he was prevented from eating with his fingers, or that the deprivation of an eating utensil otherwise resulted in a serious risk of harm to his health. *See, e.g, Murphy v. Cobb County Adult Detention Center*, No. 1:06-CV-3149-TCB, 2007 WL 1020798, at *2 (N.D.Ga. 2007) (rejecting prisoner's Eighth Amendment claim based on deprivation of eating utensil for several months because "[t]he fact that Plaintiff would prefer to eat . . . food items with a utensil does not make it impossible for him to eat them without one. Although this circumstance may well discomfit Plaintiff, it is not the type of "extreme deprivation" that rises to the level of a constitutional violation.").  Furthermore, Mr. Custard's allegation that he "chok[ed] on prison food dozens of times" (ECF No. 8, at 27) because of the lack of eating utensil is vague and does not demonstrate a sufficiently serious deprivation. *See Hall*, 935 F.2d 1110 (stating that vague and conclusory allegations need not be accepted by the court). Accordingly, the Court finds that claim seven is legally frivolous.

### D. First Amendment Retaliation Claims

Mr. Custard asserts claims of unconstitutional retaliation against all of the Defendants, except Defendant Erwin.  He seeks damages against the Defendants, in their individual capacities, under *Bivens*, and injunctive relief.

A prisoner's right to access the courts is protected by the First Amendment.  *See Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996).  Prison officials may not

retaliate against an inmate for exercising his constitutional rights.  *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).  To state a retaliation claim, Plaintiff must allege facts to show that (1) he was engaged in constitutionally protected activity, (2) the Defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and, (3) the Defendants' adverse actions was substantially motivated as a response to Plaintiff's constitutionally protected activity.  *See Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic,* 582 F.3d 1155, 1165 (10th Cir. 2009).

In *Bivens*, the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Malesko*, 534 U.S. at 66.  A *Bivens* claim may be brought only against a federal official in his individual capacity for the recovery of money damages.  *Id.* at 72.  However, a *Bivens* remedy should not be allowed when other "meaningful safeguards or remedies for the rights of persons situated" are available under circumstances comparable to the plaintiff's.  *National Commodity and Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1248 (10th Cir. 1989) (internal quotation marks and citation omitted).  "[T]he purpose of *Bivens* is only 'to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy' for harms caused by an individual officer's unconstitutional conduct." *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1096 (10th Cir. 2005) (citing *Malesko,* 534 U.S. at 70). "Whether a Bivens action exists for a given constitutional violation must be decided on a case-by-case basis." *Burton-Bey v. United States*, No. 96-3241, 1996 WL 654457, at *1 (10th Cir.

Nov. 12, 1996) (unpublished) (citing *Beattie v. Boeing Co.*, 43 F.3d 559, 564 (10th Cir.1994)).

The Supreme Court has thus far declined to recognize a *Bivens* remedy for alleges violations of the First Amendment. *See Bush v. Lucas*, 462 U.S. 367, 390 (1983); *see also Reichle v. Howards*, ___ U.S. ___, 132 S.Ct. 2088, 2093 n. 4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). Furthermore, in Mr. Custard's other pending case, Civil Action No. 13-cv-02296-CBS-REB, District Judge Robert E. Blackburn, adopting the Recommendation of United States Magistrate Judge Craig B. Shaffer, concluded that Plaintiff's First Amendment unconstitutional retaliation claims against the individual defendants, sued in their individual capacities, were not actionable under *Bivens*, in part, because Plaintiff had alternate avenues of relief available to him. *See Custard v. Allred*, No. 13-cv-02296-REB-CBS, 2015 WL 328626, at *4 (D. Colo. Jan. 26, 2015), *Report and Recommendation Adopted in Custard v. Allred,* 2015 WL 1255492 (D. Colo. Mar 16, 2015)*. See also Williams v. Klein*, 20 F.Supp.3d 1171, 1174-75 (D. Colo. 2014) (dismissing federal prisoner's First Amendment retaliation claims for damages under *Bivens*).

In this case, as in *Custard v. Allred*, alternative remedies are available to Plaintiff. In addition to damages, Mr. Custard seeks injunctive relief against the Defendants to prevent any further unlawful retaliation. Federal prisoners may seek injunctive relief against federal prison officials in their official capacities from alleged constitutional violations*. See Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231-34, 1236 (10th Cir. 2005). *Accord Malesko*, 534 U.S. at 74 (federal inmate who may not assert *Bivens* claim for damages against private prison contractor may bring suit in federal court for

injunctive relief).  Although Mr. Custard does not specifically state that he is suing the individual Defendants in their official capacities, because he seeks injunctive relief, the Court construes the Amended Complaint liberally to include official capacity claims. *See*, *e.g.*, *Fenner v. Suthers*, 194 F.Supp.2d 1146, 1149 (D. Colo. 2002) (noting that "plaintiff's [*pro se*] complaint . . . seeks injunctive relief and is thus readily construed as a suit against defendants in their official capacities").  Further, Mr. Custard asserts Eighth Amendment claims based on the alleged deprivations that constitute his claims for retaliation.  And, finally, Plaintiff may also pursue administrative relief through the BOP's administrative remedy program, and apparently has done so.  Accordingly, the Court follows District Judge Blackburn's decision in *Custard v. Allred* and finds that Mr. Custard may not pursue a *Bivens* remedy against the Defendants in this action for his First Amendment retaliation claims.

### E.  Defendant Simpler

The Court further finds that Defendant Simpler must be dismissed as an improper party to this action because Simpler's personal involvement is limited to claim seven.  The alleged Eighth Amendment deprivation asserted in claim seven is legally frivolous and the unconstitutional retaliation allegations are not cognizable against the Defendant under *Bivens.*  As such, Defendant Simpler is not subject to individual liability in this action.  Moreover, any official capacity claim is redundant because the United States is named as a Defendant. *See Simmat*, 413 F.3d at 1232 (noting that claim against prison dentists acting in their official capacities "is in reality against the United States") (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that

the following claims do not appear to be appropriate for summary dismissal: (1) the Eighth Amendment allegations in claims one, two, three, four and six, asserted against the individual Defendants, in their individual capacities, under *Bivens*; (2) the First Amendment retaliation claims against the Defendants, in their official capacities, for injunctive relief; and, (3) the FTCA claims against the United States.  Therefore, the case should be assigned to District Judge Robert E. Blackburn and to Magistrate Judge Craig B. Shaffer pursuant to D.C.COLO.LCivR 40.1(c)(1) because Mr. Custard has another pending case, Civil Action No. 13-cv-02296-REB-CBS. *See* D.C.COLO.LCivR 8.1(c).

### III.  Orders

For the reasons set forth above, it is

ORDERED that Defendants Erwin and Simpler are DISMISSED from this action. It is

FURTHER ORDERED that all he First Amendment retaliation claims asserted against the individual Defendants under *Bivens*, and the Eighth Amendment allegations in claims five and seven, are DISMISSED as legally frivolous.  It is

FURTHER ORDERED that Mr. Custard's Eighth Amendment allegations in claims one, two, three, four, and six, asserted against the individual Defendants under *Bivens*, the First Amendment retaliation claims seeking injunctive relief, and the FTCA claims, shall be assigned to District Judge Robert E. Blackburn and to Magistrate Judge Craig B. Shaffer pursuant to D.C.COLO.LCivR 40.1(c)(1).  It is

FURTHER ORDERED that the March 4, 2015 Order to Show Cause (ECF No. 3) is DISCHARGED.  It is

FURTHER ORDERED that Plaintiff's Letter (ECF No. 13) requesting that the Court's electronic docketing system reflect the parties named in the Amended Complaint, as opposed to those named in the original Complaint, is DENIED as unnecessary.  The electronic docketing system was updated at the time the Amended Complaint was filed on April 15, 2015.

DATED May 19, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court