IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 15-cv-00448-REB-CBS

BOB ALLEN CUSTARD,

    Plaintiff,

v.

D. BERKABILE, MR.,
FITZGERALD, LT.,
KASDON, MS.,
McMULLEN, MR.,
OSAGIE, MR.,
RANGEL, MR.,
ROBINSON, MR.,
UNITED STATES OF AMERICA,

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) the defendants' **Motion for Summary Judgment** [#182][1] filed October 31, 2016; (2) **Pltf's Mo. For S.J. and Exhibits** [#196] filed by the plaintiff on November 17, 2016; and (3) the **Recommendation of the United States Magistrate Judge** [#213] filed May 18, 2017. The plaintiff filed objections to the recommendation [#214], and the defendants filed a response [#215]. I overrule the objections and approve and adopt the recommendation.

---

[1] "[#182]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case law.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff, Bob Custard, is a prisoner incarcerated at the United States Penitentiary Administrative Maximum (ADX). Still pending are his second, third, and sixth claims for relief.

In his second claim for relief, Mr. Custard alleges defendants Mr. Rangel, Mr. Robinson, and Mr. Fitzgerald[2] violated his Eight Amendment rights by subjecting him to dangerous conditions of confinement when they failed to remove "dozens of jagged protruding welds [in] [his] shower and sink area" and denied a transfer request to a safer cell. *Amended complaint* [#8]. Mr. Custard says he injured himself on the jagged welds which resulted in 15 stitches *Id*.

The magistrate judge concludes that defendants Mr. Rangel and Mr. Robinson are entitled to qualified immunity because neither had the authority to move Mr. Custard out of his SHU cell [#182]. Without such authority, the magistrate judge concludes, the claim fails because neither defendant personally participated in the alleged wrong. **See**

---

[2] In his complaint [#8], the plaintiff names each defendant without providing a first name. I refer to the defendants using their names as listed in the caption of the complaint [#8].

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014). In addition, the magistrate judge recommends that summary judgment be granted in favor of all defendants on this claim because there is no evidence that a sufficiently serious risk of harm existed. To establish and Eighth Amendment claim, a plaintiff must demonstrate that he was subjected to a "sufficiently serious" risk of harm and that a named defendant acted with a sufficiently "culpable state of mind." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). The magistrate judge concludes Mr. Custard's unsupported assertions failed to establish a sufficiently serious risk of harm because no evidence of jagged welds was produced, while the defendants provided evidence which demonstrates the absence of such welds in the SHU cell in question.

In his third claim for relief, Mr. Custard alleges that he suffers from severe chronic asthma and that he was exposed to chemical & pepper spray used during a Use-of-Force (UOF) Operation conducted in an adjoining cell on May 19, 2014. Mr. Custard alleges his Eight Amendment rights were violated by defendants Mr. Osagie and Mr. Berkebile because they purposefully refused to relocate Mr. Custard during the UOF, despite knowing of his asthma.

The magistrate judge concluded no evidence established Mr. Osagie's personal participation in the UOF. Evidence produced showed Mr. Osagie was absent from May 18, 2014, to May 26, 2014. Further, the undisputed facts evidenced in the record showed that Mr. Osagie (1) never treated Plaintiff for the alleged exposure the chemical and pepper spray; (2) did not have input on the decision to conduct the UOF; (3) only became aware of the UOF via this lawsuit; and (4) had no knowledge about the reason the UOF was conducted on May 18, 2014. The magistrate judge recommends granting

3

the motion for summary judgment as to Mr. Osagie.

As to Mr. Berkebile, the magistrate judge concludes Mr. Custard did not establish the subjective prong of the Eighth amendment inquiry. Mr. Custard made conclusory statements that he allegedly gave Mr. Berkebile a "Notice & Request" explaining his asthma condition and the ability of pepper spray to travel between cells. However, with no supporting foundation that Mr. Berkebile received or read the note, the magistrate judge found that there is no genuine issue of material fact concerning this issue. Further, the Eight Amendment subjective inquiry requires that Mr. Berkebile disregarded an excessive risk to Mr. Custard's health. Undisputed evidence shows Mr. Berkebile did not know where the plaintiff was housed at the time of the UOF. Absent such knowledge on the part of Mr. Berkebile, Mr. Custard cannot show that Mr. Berkebile disregarded an excessive risk to Mr. Custard's health. Given this evidence, the magistrate judge concluded Mr. Berkebile is entitled to qualified immunity and recommends that summary judgment be granted in favor of Mr. Berkebile.

In his sixth claim for relief, Mr. Custard alleges Mr. Kasdon and Mr. McMullen called him a snitch using a loud voice. The United States Court of Appeals for the Tenth Circuit held in **Benefield v. McDowall**, 241 F.3d 1267 (10th Cir. 2001), that an inmate's allegation that he had been labeled a snitch satisfies the objective prong of the Eight Amendment cruel and unusual punishment analysis. Narrowing, this view in **Brown v. Jarivs**, 265 F. App'x 734 (10th Cir. 2008), the Tenth Circuit held a defendant could successfully defend against the allegation on summary judgment by showing additional circumstances that negate or neutralize the danger created by the disclosure.

The magistrate judge concludes Mr. Kasdon and Mr. McDowall presented sufficient evidence to negate and neutralize the disclosure, assuming it is true that these

4

two defendants called Mr. Custard a snitch.  All inmates in general population at ADX, which is where Mr. Custard now resides and will reside for the foreseeable future, are housed in single cells.  Inmates take their meals alone and only one inmate is permitted to move within the unit at a time.  No physical contact may be made between inmates, and officers monitor every movement taken.  No evidence was produced by Mr. Custard to dispute any material fact as to the security measures taken to ensure ADX prisoner safety.  Therefore, the magistrate judge recommends granting summary judgment in favor of Mr. Kasdon and Mr. McMullen on the snitch claim.

After *de novo* review, I concur.  The objections [#214] do not contain valid criticism of the analysis and conclusions of the Magistrate Judge.  Therefore, the objections [#214] are overruled.  By granting the motion for summary judgment [#182], the court resolves the last remaining claims in this case.  All claims have been resolved in favor of the defendants.  Therefore, I direct the entry judgment.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of the United States Magistrate Judge** [#213] is approved and adopted as an order of this court;

2.  That under Fed. R. Civ. P. 56, the defendants' **Motion for Summary Judgment** [#182] is granted;

3.  That under Fed. R. Civ. P. 56, **Pltf's Mo. For S.J. and Exhibits** [#196] is denied;

4.  That based on the **Order To Dismiss In Part and To Assign Case** [#14], the **Order Overruling Objections and Adopting Recommendation of United States Magistrate Judge** [#75], and the present order, judgment shall enter against the plaintiff, Bob Custard, and in favor of all defendants named in this case, Mr. Armijo, Mr.

5

Atauvich, Mr. D. Berkabile, Mr. Camacho, Mr. J. Cedeno, Mr. Frank Cordova, Ms. Kate Erwin, Ms. Francia, Mr. Fitzgerald, Mr Gaconi, Mr. Henry, Mr. Heuett, Mr. Holman, Mr. Huddleston, Mr. Humphries, Ms. Kasdon, Ms. Lungren, Mr. McMullen, Mr. Osagie, Mr. Owens, Mr. Padilla, Mr. Rangel, Mr. Robinson, Mr. Santini, Mr. Simpler, Unknown Named Defendants 1 - 14, and The United States of America, as to all claims asserted by the plaintiff in this case;

    5. That the defendants are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

    6. That this case is closed.

Dated September 13, 2017, at Denver, Colorado.

                                       **BY THE COURT:**

                                       */s/ Bob Blackburn*
                                       Robert E. Blackburn
                                       United States District Judge